IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY REYNA, | § | No. 1:25-CV-1290-DAE |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

ORDER

Before the Court is the Report and Recommendation ("Report") filed by United States Magistrate Judge Mark Lane on October 27, 2025. (Dkt. # 7.) Plaintiff Joseph Anthony Reyna ("Plaintiff" or "Reyna") timely objected to the report on November 6, 2025 ("Objections"). (Dkt. # 10.)

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Report and reviewing the unobjected-to portions for clear error, the Court **ADOPTS** the Report and Recommendation. (Dkt. # 7.) Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. # 5) and **DISMISSES WITH PREJUDICE**

1

Plaintiffs' claims against Defendants.  The Court **DENIES** Reyna's remaining pending motions as **MOOT**.  (Dkts. ## 2, 5, 6, 14, 15.)

BACKGROUND

Reyna brought this suit on August 5, 2025, "to preserve key testimony and evidence prior to initiating broader action."  (Dkt. # 1 at 2.)  In viewing the Complaint and Plaintiff's later-filed supplements and notices, the facts of this case are sparse, but Plaintiff asserts this case "concern[s] the obstruction of lawful access to transportation infrastructure and denial of transparency in public-private tolling systems."  (Id.)  Plaintiff brings his case against the Texas Department of Transportation, Central Texas Regional Mobility Authority, Cintra Infraestructuras, S.A., and John/Jane Does 1–20.  (Id. at 1.)

On October 2, 2025, Defendant Texas Department of Transportation filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. # 5.)  Judge Lane issued his Order and Report on October 27, 2025, granting Reyna leave to proceed *in forma pauperis* but recommending that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismiss Plaintiffs' case with prejudice.  In reaching this conclusion, the Magistrate Judge notes that Reyna failed to satisfy the requirements of Federal Rule of Civil Procedure 27(a) because "he does not seek to compel the deposition of anyone, . . . does not identify any proposed deponent, . . . does not explain what suit he wants to bring and why he

2

cannot bring it now, . . . and does not describe the facts he seeks to establish by the proposed testimony." (Dkt. # 5 at 3) (citing Fed. R. Civ. P. 27(a)). Plaintiff objected to the Magistrate Judge's Report and Recommendations on November 6, 2025. (Dkt. # 10.)

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific, genuine objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

3

<u>DISCUSSION</u>

Reyna raises no specific, genuine objections.  See <u>Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).  He challenges the Report's (1) application of § 1915(e)(2) before review of the operative complaint; (2) omission of sealed filings; (3) recommendation for a pre-filing injunction without notice or findings; and (4) failure to include written findings of bad faith before any sanction recommendation.

The Court finds none of these objections are successful, even on de novo review.  First, the Magistrate Judge *did* review Plaintiff's complaint before concluding § 1915(e)(2), as evidenced by the Report's description of the case, which references information pulled from Plaintiff's complaint.  (Dkt. # 7 at 3.) Second, there are no sealed filings in this case, and Plaintiff does not identify further specifics on that objection to allow the Court to conclude this was in error. The last two objections are moot, as this Court will not impose a pre-filing bar in this case;  since the date of the Report, Plaintiff now has a pre-filing bar in place against him which was recently upheld by the Fifth Circuit.  See <u>Reyna v. Block,</u>

<u>Inc.</u>, No. 1:25-cv-1402-RP (W.D. Tex. Oct. 30, 2025), <u>aff'd by</u> No. 25-50966 (5th Cir. May 18, 2026).  Plaintiff's objections are thus **OVERRULED.**[1]

As to the unobjected-to portions of Judge Lane's Report, the Court has reviewed them for clear error and finds none.  Accordingly, the Court **ADOPTS** Judge Lane's Report and Recommendation in whole except for Judge Lane's recommendation of imposing a pre-filing bar, finding that recommendation is moot in light of the existing pre-filing bar against Plaintiff in this Court.

CONCLUSION

For the reasons given above, the Court **ADOPTS** U.S. Magistrate Judge Lane's Report and Recommendation (Dkt. # 7), **DISMISSES WITH PRJEUDICE** under § 1915(e)(2) Plaintiffs' claims, and **DENIES** the remaining pending motions as **MOOT** (Dkts. ## 2, 5, 6, 14, 15).  The Clerk of the Court is **DIRECTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, June 11, 2026.

_____
David Alan Ezra
Senior United States District Judge

---

[1] In so ruling, the Court has reviewed the filings Plaintiff has made following Judge Lane's Report, including the Supplement to his Complaint, (Dkt. ## 8, 12), as well as Plaintiff's various other motions and notices.  (Dkt. ## 6, 10, 13, 14, 15).

5